Monica Kim Sham (SBN 321781)
**HEFFERNAN LAW GROUP PLLC**
1201 Market Street
Kirkland WA 98033
T: 425.284.1150
F: 425.284.1147
E: monica@heffernanlawgroup.com

Attorney for Plaintiff
Starline Windows Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLINE WINDOWS INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, an Illinois corporation, <br><br> Defendant. | NO: **'20 CV0916 LAB MSB** <br><br> COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BAD FAITH <br><br> DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, Starline Windows Inc. ("Starline"), by and through its undersigned attorneys of record, and for a complaint against the Insurance Company of the State of Pennsylvania ("ICSOP"), states and alleges as follows:

//

## I.    PARTIES

1.   Starline is a Washington corporation with its principal place of business in Washington.   Starline has paid all fees, fulfilled all conditions precedent, and is entitled in all respects to prosecute its claims herein.

2.   ICSOP is an Illinois corporation with its principal place of business in New York.   On information and belief, ICSOP is in the business of providing insurance to members of the public in the State of California.

## II.    JURISDICTION AND VENUE

3.   This court has jurisdiction over the parties and the subject matter of this lawsuit under 28 U.S.C. §1332 (Diversity) and 28 U.S.C. §2201 (Declaratory Judgment).   The amount in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. §1332(a).

4.   Venue is proper in this court and district because events or omissions giving rise to the claim occurred in this district, where the insurance contract at issue was made and/or breached, where the project at issue is located, where venue of the underlying action and resulting judgment are situated, and/or where the parties transact(ed) business.

//

//

//

III.    **FACTUAL BACKGROUND**

**A. The Insurance Policies**

5.   ICSOP issued an owner-controlled insurance policy to insure ongoing and completed operations at the project commonly referred to as the Grande South at Santa Fe Place Condominium (the "Grande South"), Policy No. 4202-3531, effective April 18, 2002 (the "ICSOP Policy").  A true and correct copy of the ICSOP Policy is attached hereto as ***Exhibit A***, and is incorporated as if set forth herein.  The ICSOP Policy is a written contract between Starline and ICSOP, and Starline is an insured under the ICSOP Policy.

6.   The ICSOP Policy follows form to the underlying owner-controlled insurance policy that was issued by Clarendon America Insurance Company, Policy No. WT2011393, effective April 18, 2002 (the "Clarendon Policy").  A true and correct copy of the Clarendon Policy is attached hereto as ***Exhibit B***, and is incorporated as if set forth herein.  The ICSOP Policy and Clarendon Policy are collectively referred to herein as the "Policies".  The Clarendon Policy is a written contract between Starline and Clarendon, and Starline is an insured under the Clarendon Policy.

7.   Starline has complied with all terms and conditions of the Policies, including timely notice of claim, and there are no conditions precedent that remain unsatisfied.

**B. The Underlying Action**

8.   In or around January 2003, Starline entered into a contract with the developer of the Grande South to supply and install windows in connection with the construction of the Grande South.  As part of its contract with the developer, Starline issued a 10-year limited warranty for the windows (the "Warranty").

9.   On or around February 7, 2014, the Grande South homeowners filed a class action lawsuit against Starline entitled *Grande South Homeowners v. Starline Windows Inc., et al.*, San Diego Superior Court Case No. 37-2014-00003669-CU-CD-CTL (the "Underlying Action"), asserting causes of action for violation of California Civil Code Section 896, et seq.; strict liability; negligence; negligent misrepresentation; breach of express warranty; breach of implied warranty of merchantability; and breach of implied warranty of fitness.

10. The Underlying Action alleges that during the periods covered by the Policies the Grande South homeowners sustained direct physical injuries, losses and/or damages to their property, including water intrusion due to improper installation, excessive condensation, seepage of sealant materials damaging other components of the windows and building, which interfered with and impaired the windows' useful life, and resulted in loss of use of the windows.  As a result, the Grande South homeowners allegedly incurred costs, damages, losses, expenses, and/or liabilities, including but not limited to, direct physical injury and damage

to the Grande South, out of pocket costs and expenses for general and consequential damages to real property and structures thereon, diminution in value, lost or diminished rental income, relocation costs and related costs, repair and expert investigation costs, and other damages.   These problems, costs, damages, losses, expenses and/or liability were allegedly proximately caused by and the result of Starline's actions, and are covered under the Policies.

11. Starline timely tendered defense and indemnity of the Underlying Action to ICSOP by letter of March 23, 2014[1], and subsequent correspondence of July 14, 2015, February 5, 2016, February 17, 2016, September 15, 2016, and October 21, 2016.

12. Nearly four years after Starline's initial tender of defense and indemnity to ICSOP, by letter of January 29, 2018, ICSOP agreed to defend Starline in the Underlying Action subject to a reservation of rights.

13. In or around November 2018, certain Grande South homeowners filed a Complaint in Intervention in the Underlying Action ("Intervenors") for breach of the Warranty.

//

---

[1] On or around August 24, 2015, Clarendon America Insurance Company advised Starline that the Clarendon Policy limits had been exhausted by a prior settlement in 2012.

14. In or around December 2018, the Court granted certain Grande South homeowners class certification ("Class Plaintiffs").

15. On or around June 3, 2019, ICSOP denied coverage to Starline for the Underlying Action.

16. By correspondence of June 5, 2019, Intervenors and Class Plaintiffs issued a joint demand to ICSOP to resolve all claims against Starline in the Underlying Action in exchange for the remaining ICSOP policy limits (the "Demand") of approximately $4,837,450. The same day, Starline requested that ICSOP accept the Demand given that the allegations against Starline are covered under the ICSOP Policy, and because the ultimate judgement was likely to far exceed the amount of the Demand.

17. By correspondence of June 6, 2019, ICSOP unreasonably refused to accept the Demand.

18. Trial of the Underlying Action commenced on June 5, 2019, and on June 13, 2019 the jury returned verdicts for the Class Plaintiffs in the amount of $4,500,000, and for the Intervenors in the amount of $1,905,546.64 for a total combined verdict of $6,405,546.64 (collectively, the "Judgment"), which substantially exceeded the Demand.

//

19. On or about July 9, 2019, ICSOP unreasonably refused to post a supersedeas bond with respect to the Judgment.

20. In or around October/November 2019, the Judgment was bifurcated into separate judgments: Intervenors' $1,922,539.23 judgment ("Intervenors' Judgment"); and Class Plaintiffs' $4,573,270.33 judgment ("Class Plaintiffs' Judgment"). A true and correct copy of Intervenors' Judgment is attached hereto as **_Exhibit C_**, and is incorporated as if set forth herein. A true and correct copy of Class Plaintiffs' Judgment is attached hereto as **_Exhibit D_**, and is incorporated as if set forth herein. Both of these judgments include interest thereon at ten percent (10%) per annum.

21. In or around January 2020, Starline satisfied Intervenors' Judgment. A true and correct copy of the Acknowledgment of Satisfaction of Judgment is attached hereto as **_Exhibit E_**, and is incorporated as if set forth herein.

22. On or around March 6, 2020, Starline filed an appeal of the Class Plaintiffs' Judgment.

IV.    **FIRST CAUSE OF ACTION: DECLARATORY RELIEF**

23. Starline realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

24. An actual and immediate controversy exists between Starline and ICSOP concerning their respective rights and obligations under the ICSOP Policy,

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BAD FAITH

in that Starline contends that the ICSOP Policy provides coverage to Starline for claims asserted and for the Judgment obtained against it in the Underlying Action.

25. Specifically, Starline's liability in the Underlying Action constitutes sums that Starline is legally obligated to pay by reason of liability imposed by law because of "property damage" that took place during the policy period, and caused by an "occurrence," as each of those terms are defined in the ICSOP Policy. No exclusions apply, and/or ICSOP has waived or is estopped to rely upon any such exclusions. To the extent any exclusions do apply, coverage is provided under an exception to such exclusions.

26. A judicial determination is necessary and appropriate at this time because Starline incurred and/or will incur substantial damages due to the fact that ICSOP has failed and/or refused to acknowledge its duty to indemnify Starline in connection with the Underlying Action, and the Judgment, including attorney fees and costs, and no adequate remedy is available at law. The issuance of declaratory relief will terminate the existing controversy between the parties.

27. Starline is entitled to a declaratory judgment on all of the coverage disputes between Starline and ICSOP, including but not limited to, the following:

//

//

a. ICSOP is estopped and/or otherwise precluded from denying coverage for the Judgment, and the claims against Starline in the Underlying Action;

b. ICSOP is obligated to indemnify Starline with respect to the Class Plaintiffs' Judgment and to reimburse Starline for its satisfaction of the Intervenors' Judgment; and

c. ICSOP has a duty to continue to defend Starline on appeal of the Class Plaintiffs' Judgment and post a supersedeas bond for the appeal.

## V.    SECOND CAUSE OF ACTION: BREACH OF CONTRACT

28. Starline realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

29. ICSOP, under the terms of the ICSOP Policy has a duty to defend and indemnify Starline in the Underlying Action, among other contractual obligations.

30. ICSOP's delay in defending Starline, and denial of and/or failure to indemnify Starline in the Underlying Action by fully satisfying the Judgment or posting a supersedes bond for the Judgment is a breach of the ICSOP Policy.

31. As a direct and proximate result of ICSOP's breach of its obligations under the ICSOP Policy, Starline has incurred and/or will incur substantial damages, costs, and liabilities, including but not limited to liability for the Judgment, fees and costs of attorneys, experts, courts, and others, for which

ICSOP is liable to Starline.  Further, Starline has been compelled to bring this action to obtain the full benefits due Starline under the ICSOP Policy.

32. ICSOP is liable to Starline for Starline's losses and damages, as well as pre-judgment and post-judgment interest, and for Starline's costs, losses, and expenses incurred to obtain coverage due Starline under the ICSOP Policy.

## VI.   THIRD CAUSE OF ACTION: BAD FAITH

33. Starline realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Starline has complied with all applicable conditions precedent under the ICSOP Policy.

35. ICSOP has acted in bad faith by: delaying defense of Starline; refusing to accept the Demand; wrongfully denying Starline coverage for the Underlying Action and the Judgment; and refusing to post a supersedeas bond for the appeal of the Judgment.

## VII.   RESERVATION OF RIGHTS

36. Starline realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Starline reserves the right to amend this Complaint to allege any additional policy provision or claim which may be relevant to this matter.

//

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, STARLINE PRAYS for judgment and relief as follows:

1. For an order declaring that the ICSOP Policy covers the claims against Starline in the Underlying Action and the resulting Judgment;

2. For an order declaring that ICSOP breached the ICSOP Policy by denying Starline coverage in the Underlying Action and refusing to indemnify Starline with respect to the Judgment;

3. For an order declaring that ICSOP is obligated to indemnify Starline with respect to the Class Plaintiffs' Judgment, reimburse Starline for its satisfaction of the Intervenors' Judgment, and continue to defend Starline on appeal of the Class Plaintiffs' Judgment;

4. For an order declaring that ICSOP acted in bad faith by delaying defense of Starline, by denying coverage for Starline in the Underlying Action, by wrongfully refusing to accept the Demand and settle the Underlying Action within the ICSOP Policy limits, and by failing to post a supersedeas bond with respect to the Judgment;

5. For an order declaring that ICSOP is estopped and/or otherwise precluded from denying coverage for the Judgment, including but not limited to denying its duty to indemnify Starline with respect to the Class Plaintiffs'

Judgment, and denying its duty to reimburse Starline for its satisfaction of the Intervenors' Judgment;

6. For an order awarding Starline all damages proven as a result of ICSOP's breach of contract and/or bad faith, together with its attorney fees, costs, and expenses incurred to assume the burden of this lawsuit to obtain the benefits of the ICSOP Policy.

7. For pre-judgment and post-judgment interest, as allowed by the parties' contract(s), principles of equity, and at law; and

8. For such other and further relief as the Court deems just, proper, and equitable.

DATED this 15th day of May, 2020.

By:   s/ Monica Kim Sham

Monica Kim Sham         #321781
Heffernan Law Group PLLC
1201 Market Street
Kirkland, Washington 98033
Telephone: 425.284.1150
Email: monica@heffernanlawgroup.com

Attorney for Starline Windows Inc.